UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK KABBASH,                        )
                                        )
            Plaintiff,                  )   Case No. 1:05-cv-117
                                        )
v.                                      )   Honorable David W. McKeague
                                        )
GENE WRIGGLESWORTH et al.,              )
                                        )
            Defendants.                 )
_____ )

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

I.      Factual Allegations

Plaintiff currently is incarcerated in the Ingham County Jail. He sues Ingham County Sheriff Gene Wrigglesworth, Jail Administrator Kris Williams and Deputy (unknown) Sybrandy.

The following allegations are set forth in the complaint. On February 8, 2004, Deputy Sybrandy transported Plaintiff and several other prisoners from the jail to the East Lansing Police Department, where the prisoners were to be held for court appearances. While in transit, Deputy Sybrandy struck the back of another vehicle. Sybrandy exchanged information with the other driver. Neither Sybrandy, nor the other driver, summoned the police. After the accident, Sybrandy drove the van to the East Lansing Police Department to be checked by a mechanic. Sybrandy then delivered Plaintiff and the other prisoners to the police department. The following day, February 9, Plaintiff was transported to the hospital for evaluation of a back injury that he sustained in the collision. On February 10, Plaintiff received prescriptions for Untram and Atarax. Plaintiff alleges that he continues to suffer pain in his back as a result of the injury.

Plaintiff claims that Defendant Sybrandy violated his Eighth Amendment right against cruel and unusual punishment when he crashed into another vehicle, causing Plaintiff injury. He further alleges that Sybrandy failed to "request a medical evaluation to be done on Plaintiff or any of the other . . . inmates who were inside of the Ingham County jail transport van at the time of the aforementioned accident." Plaintiff also contends that Defendants Wrigglesworth and Williams violated his Eighth Amendment rights when they failed to protect him from injury. According to Plaintiff, Wrigglesworth and Williams should have known that Sybrandy was not a safe driver because he was involved in another accident in the preceding six months.

In addition, Plaintiff asserts a violation of his First Amendment right of access to the Court because "the Ingham County Jail does not provide or sell ink pens despite the fact that court rules require petitions, pleadings, etc., to be done in ink." Plaintiff also contends that he does not have access to typewriters or computers at the jail.

For relief, Plaintiff seeks monetary damages of eleven million dollars from Defendants.

II.   Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Cruel and Unusual Punishments Clause of the Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Trop v. Dulles*, 356 U.S. 86 (1958). The clause therefore prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

Plaintiff's Eighth Amendment claim includes both an objective and a subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires a showing that the defendants acted with deliberate indifference or recklessness, that is more than mere negligence. *Id.* at 834-37; *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer*, 511 U.S. at 837.

The objective component requires a showing that he was exposed to a substantial risk of serious harm. *Id.* To satisfy the objective component in the context of a claim for denial of medical care, the plaintiff must allege that the medical need at issue is sufficiently serious. *Farmer*, 511 U.S. at 834. The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 2004 WL 2792016, at *7 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 2004 WL 2792016, at *6, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

Plaintiff does not allege that Deputy Sybrandy intended to hit the car in front of him or that he was driving in a manner that exposed himself and the prisoners in the van to a substantial risk of serious harm. The fact that the accident may have resulted from Sybrandy's negligence does not rise to the level of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835; *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).

With regard to his medical claim, Plaintiff does not assert that he complained of injury or asked Sybrandy for medical attention immediately following the accident. He merely

asserts that Sybrandy should have sought an immediate medical evaluation for all of the prisoners in the van at the time of the accident. In the absence of a complaint of injury or a request for medical care, Deputy Sybrandy could not have known of Plaintiff's back injury. Accordingly, Plaintiff has not alleged that Sybrandy acted with deliberate indifference. Plaintiff also is unable to satisfy the objective requirement. Given the nature of Plaintiff's alleged injury, his need for immediate medical attention would not have been obvious to a lay person. Plaintiff received medical attention the following day and was provided with prescription medication the day after that. Plaintiff does not allege that he suffered any detrimental effect as a result of the short delay in treatment. Accordingly, Plaintiff fails to state a claim against Defendant Sybrandy.

Likewise, Plaintiff clearly fails to state an Eighth Amendment claim against Defendants Wrigglesworth and Williams. In order to establish liability under the Eighth Amendment for a prison official's failure to protect him, an inmate must demonstrate that the official was deliberately indifferent "to a substantial risk of serious harm" to the inmate. *Farmer*, 511 U.S. at 828. To demonstrate deliberate indifference, an inmate must present evidence from which a trier of fact could conclude "that the official was subjectively aware of the risk" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* at 829, 847; *see also Greene v. Bowles,* 361 F.3d 290, 294 (6th Cir. 2004); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001). In this case, Plaintiff alleges only that Sybrandy was involved in one car accident in the six month period preceding the collision on February 8, 2004. A history of one accident falls far short of establishing "a substantial risk of serious harm" to prisoners. Therefore, Defendants Wrigglesworth and Williams did not violate Plaintiff's Eighth Amendment rights by allowing Deputy Sybrandy to drive the transport van.

Plaintiff also asserts a violation of his right of access to the courts because he has no access to an ink pen, typewriter or computer for purposes of drafting legal pleadings. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff does not allege that he suffered any actual injury as the result of his inability to use ink pens, computers or typewriters at the Ingham County Jail. In this case, for example, the Court accepted Plaintiff's pleadings, which are neatly handwritten in pencil. Plaintiff, therefore, fails to state a claim for violation of his right of access to the courts.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: April 25, 2005                    /s/   David W. McKeague
                                         David W. McKeague
                                         United Stated District Judge